**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZAKKIYYA GREENE, <br><br> Plaintiff, <br> v. <br><br> ILLINOIS SECRETARY OF STATE, <br><br> Defendant. | No. 23-cv-2182 <br><br> Judge Matthew Kennelly |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, the Illinois Secretary of State, by and through Kwame Raoul, Illinois Attorney General, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint and states as follows:

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

1. Plaintiff admits that she was terminated from her position with the Illinois Secretary of State's Office in July 2021 due to tardiness and absenteeism. Compl. ¶ 37, ECF No. 8. She believes that her supervisors misunderstood what was going on in her life, *id.* ¶ 41, but nothing she says in her complaint states a viable claim under federal law against her former employer.

2. It is not exactly clear what causes of action Plaintiff is trying to bring, given the overall lack of any allegations that would support a federal lawsuit. As best as Defendant can tell, Plaintiff believes she has federal claims for violations of (1) her First Amendment rights, (2) her Fourteenth Amendment rights, and (3) Title VII (race and sex discrimination). *See generally id.* She also appears to assert some sort of state-law claim for interest she feels she was owed when some back wages were refunded to her at some point. *Id.* ¶¶ 30–32.

3. Once all the conclusory statements are set aside, her complaint says nothing about how Defendant mistreated her in a way that would give rise to a federal claim. For the reasons set

1

forth below, this Court should dismiss Plaintiff's complaint in its entirety for failure to state a claim upon which relief may be granted.

## BACKGROUND

4. Plaintiff, an African-American woman, worked for the Office of the Illinois Secretary of State from November 1, 2019, to July 19, 2021, when she was terminated due to tardiness and absenteeism. Compl. ¶¶ 6–9, 20, 38. She describes how she was seated in various locations by her supervisors. *Id.* ¶¶ 16–17, 19, 23–24. Her supervisors also "found out" that she and a co-worker were pregnant in 2019. *Id.* ¶ 18.

5. At some point during her employment, Plaintiff believes she was falsely accused of some improper (but unspecified) interactions with a customer. *Id.* ¶¶ 22, 25.

6. She received a poor performance review in March 2020 and was told to do better in time for her next evaluation. *Id.* ¶¶ 26–27.

7. Plaintiff vaguely describes how the Secretary of State's Office made various deductions from her paychecks between November 2019 and May 2020 due to some unspecified bankruptcy court proceeding and an apparent overpayment of unemployment benefits that Plaintiff previously obtained; Plaintiff is aggrieved that some of this money was eventually refunded in June 2020 (for unspecified reasons) without interest. *Id.* ¶¶ 28–37.

8. Plaintiff's final evaluation in June 2021 did not go well for Plaintiff, and she believes that her supervisors misunderstood the circumstances of some of her absences and tardiness, particularly with respect to her child's injury and the disruption to her child's education due to the Covid-19 pandemic. *Id.* ¶¶ 39–43, 48, 50. In light of this evaluation, Plaintiff was terminated. *Id.* ¶ 51.

9. One day prior to her termination, Plaintiff contacted someone in human resources

for the office and requested some documentation about her work history and wages, but she allegedly never received this documentation. *Id.* ¶¶ 53–56.

10. Finally, Plaintiff alleges that she inquired in January 2020 about how she could obtain a "Paid Time Off payment" but never received this payment that she feels she was owed. *Id.* ¶¶ 52, 57.

## LEGAL STANDARD

11. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* To satisfy this plausibility standard, a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (cleaned up). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up).

12. In employment discrimination cases, "these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citation omitted). A plaintiff cannot rely on generalized allegations; instead, to survive dismissal, she must allege facts to connect the alleged discriminatory conduct to the protected characteristic. *Id.*

## ARGUMENT

13. All of Plaintiff's claims fail for the same reason: she does not allege a single fact

that would meet the above pleading standard. It is clear that Plaintiff is upset that she was terminated for reasons that she disputes, but she cannot point to anything that her employer did wrong such that a constitutional or statutory violation could even be plausible. Thus, her complaint should be dismissed. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). ("It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law.").

14. *First*, Plaintiff does not state a single fact to even suggest that Defendant terminated her due to her race or sex. Compl. ¶¶ 13–15. A Title VII race discrimination complaint that does not contain any facts that directly (or even indirectly) connect a termination to the employee's race cannot survive a Rule 12(b)(6) motion. *Kaminski*, 23 F.4th at 776. The same is true for a Title VII sex discrimination case. *Doe v. Purdue Univ.*, 928 F.3d 652, 669 (7th Cir. 2019).

15. Here, Plaintiff just asserts a legal conclusion that she was discriminated against due to her race and sex. There is one reference to how Defendant discriminated against Plaintiff on "numerous occasions" after Plaintiff became pregnant, but it is not explained what Defendant supposedly did. The rest of her complaint actually pleads her out of court by explaining in some detail that Plaintiff lost her position due to her employer's determination that she was absent and late too often. Accordingly, all Title VII claims should be dismissed.

16. *Second*, Plaintiff also fails to state a claim for a First Amendment violation. Such a claim requires that she plead: (1) that she engaged in constitutionally-protected speech; (2) that she suffered a deprivation likely to deter her from exercising her First Amendment rights; and (3) her speech was a motivating factor in her employer's adverse action against her. *See Cage v. Harper*, 42 F.4th 734, 741 (7th Cir. 2022).

17. There is nothing in the complaint to suggest that Plaintiff ever engaged in protected speech. Near the end of the complaint, Plaintiff mentions that she "spoke up against unethical practices and/or evaluations," but she says nothing else to explain what this means. The only inference that can be drawn from this statement is that Plaintiff is referring to her previous allegations that she complained about the merits of her own evaluation. Compl. ¶ 41 (alleging that Plaintiff spoke with her supervisor about her allegedly faulty evaluation).

18. The Constitution does not insulate public employees, such as Plaintiff, from employer discipline for speech made "pursuant to their official duties"—even if the speech is a matter of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Roake v. Forest Pres. Dist. Of Cook Cty.*, 849 F.3d 342, 346 (7th Cir 2017). Here, Plaintiff's speech was not protected because she was not speaking as a private citizen on a matter of public concern. *Id.* Instead, Plaintiff's alleged speech was all expressly made in the course of her duties as an employee for the Illinois Secretary of State. *Id.*

19. Where, as here, a plaintiff merely complains of something specific to her own working environment and does not attempt to alert the public of any matter of public interest, that speech is not protected. *Kubiak v. City of Chi.*, 810 F.3d 476, 483–484 (7th Cir. 2016). Thus, Plaintiff fails to state a First Amendment claim.

20. *Third*, Plaintiff suffered from no due process deprivation. At most, she complains that there was no union representative present when she was terminated. Compl. ¶ 48. However, this is insufficient to state a claim under Section 1983 for a due process violation because she fails to allege she was deprived of a property interest, including the right to union representation. *See Smoller v. Bd. of Educ.*. 524 F. Supp. 3d 794, 806–07 (N.D. Ill. 2021) (dismissing allegations based

5

upon union representation for failure to state a due process claim because the plaintiff failed to allege a property interest that was deprived by the defendant).

21. *Fourth*, the complaint can be read to include some sort of claim for monetary damages based on some type of wage deduction that was made and (allegedly) not repaid to Plaintiff with interest, as well as some sort of (alleged) refusal to give Plaintiff a "Paid Time Off payment" (whatever that is). It is unclear if Plaintiff thinks that these supposed refusals were violations of federal or state law, but the distinction really does not matter. This is a damages claim against a state constitutional officer in his official capacity, *see* Compl. p. 17 (seeking compensatory and putative damages), and the Eleventh Amendment bars such a claim. *See Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *see also Pennurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (Eleventh Amendment bars all claims against state entities for violations of state law).

22. Finally, Plaintiff has a related problem with respect to whom she has sued and any Section 1983 claims that her complaint might contain. It does not matter is she is trying to sue an entity called the "Secretary of State" (presumably the Secretary's "Office") or Alexi Giannoulias in his official capacity as Secretary of State. Plaintiff cannot recover damages from state entities or state officials sued in their official capacities under Section 1983, as this is the same as suing the State and the State is not a "person" under this statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

23. Accordingly, Plaintiff's complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant any other relief this Court deems reasonable and just.

| | |
|---|---|
| September 11, 2023 | Respectfully submitted, |
| | KWAME RAOUL<br>Illinois Attorney General |
| Maebetty Kirby<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601-3397<br>(773) 590-7857<br>*Mary.kirby@ilag.gov* | By: */s/ Maebetty Kirby* |