IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAKKIYYA GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23 C 2182 |
| ) | |
| ILLINOIS SECRETARY OF STATE, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Zakkiyya Greene has sued her former employer, the Illinois Secretary of State (ISS). She worked at ISS office on Chicago's northwest side. starting in 2019. Her employment was terminated in July 2021 "due to tardiness" and/or "due to absentees [sic]." Compl. ¶¶ 7, 9, 38. She says, however, that before her termination she was never disciplined or written up for tardiness or absenteeism.

Ms. Greene alleges that the ISS discriminated against her based on her race and ethnicity, *id.* ¶ 14, gender, *id.* ¶¶ 15-16, pregnancy, *id.* ¶¶ 69, and perhaps because she requested FMLA leave, *id.* ¶¶ 57-61.

She says that after she and a coworker were "found out to be pregnant" in December 2019, they were assigned adjacent work areas. Ms. Greene was then falsely accused of being involved in an incident involving the coworker and a customer, even though both of them told supervisors that Ms. Greene had nothing to do with the incident. In March 2020, Ms. Greene got a poor evaluation based on the false accusation. In June 2021, Ms. Greene was given a poor evaluation for "unexcused tardiness and absentees [sic]." *Id.* ¶ 39. She spoke to her supervisors and asked for

documentation to support the low rating. Ms. Greene further alleges that in June 2021, she explained to supervisors that her child had broken a bone in April 2021; this appears to account for some of the absences and/or tardiness. She alleges that she submitted an FMLA form (apparently seeking approval for leave?) in June 2021; the next day she was given a letter regarding unexcused absences or tardiness; she provided proof the next day that the letter was incorrect; and then a month later she was terminated.

Ms. Greene also cites what she appears to contend are improper deductions from her pay from November 2019 through January 2020, which as best as the Court can tell may have had something to do with a bankruptcy. From March through May 2020, Ms. Greene says, deductions were wrongfully made from her pay due to supposedly overpaid unemployment benefits. Those deductions were apparently refunded in June 2020, but Ms. Greene says she should have been paid interest. Ms. Greene also appears to allege that "paid time off" compensation that she was entitled to receive was not paid to her.

The ISS has moved to dismiss Ms. Greene's complaint for failure to state a claim upon which relief may be granted. In an employment discrimination case like this one, the plaintiff's complaint must include "plausible allegations that she experienced discrimination *because of* her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (emphasis added). "Mere labels and conclusions" are not enough in this regard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court grants the motion to dismiss, with leave to file an amended complaint. The problem with Ms. Greene's claims of discrimination for race, ethnicity, gender, and

pregnancy is that she does not allege any facts that explain how those protected characteristics are connected with her termination.  *See, e.g., Kaminski*, 23 F.4th at 776.  As the Seventh Circuit helpfully explained in *Kaminski*, what Ms. Greene must do—but has not done in the current version of her complaint—is "explain, in a few sentences, . . . what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class." *Id.* at 777-78.  In addition, if Ms. Greene is claiming that she was retaliated against for requesting FMLA leave or denied FMLA leave, she needs to explain that better, including what is the basis for her belief that's what happened.  Finally, if Ms. Greene is claiming she was retaliated against for "[speaking] up against unethical practices and/or evaluations," Compl. ¶ 70, she needs to explain exactly what she spoke up about, when, and why she believes she was retaliated against for "speaking up."

      This leaves Ms. Greene's allegations regarding the deductions from her account and the denial of paid leave compensation.  These allegations do not appear to describe any sort of viable claim under federal law.  At a minimum, nothing in what Ms. Greene says about these events suggests a violation of any federal statute or constitutional provision.  If Ms. Greene chooses to file an amended complaint, she should explain better what law or laws she contends the deductions violated, and why.  As far as her claim for denial of paid leave compensation, defendant is correct in contending that the Eleventh Amendment bars making such a claim in federal court.  *See, e.g., Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).

**Conclusion**

For the reasons stated above, the Court grants defendant's motion to dismiss [15], with leave given to Ms. Greene to file an amended complaint. Unless Ms. Greene files, by November 30, 2023, an amended complaint that states at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against her. The case is set for a telephonic status hearing on December 13, 2023 at 9:05 a.m., using call-in number 888-684-8852, access code 746-1053.

Date: November 9, 2023

                                                                                            _____
                                                                                                MATTHEW F. KENNELLY
                                                                                      United States District Judge